UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
LAFAYETTE DIVISION

| | |
|---|---|
| BETH MELLINGER,<br><br>Plaintiff,<br><br>v.<br><br>ENGINEERING INNOVATION, INC.<br><br>Defendant. | )<br>)<br>)<br>)<br>) CAUSE NO:<br>)<br>)<br>)<br>)<br>) |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

1. Comes now the Plaintiff, Beth Mellinger ("Plaintiff" or "Mellinger"), by undersigned counsel, and hereby files this lawsuit against the Defendant, Engineering Innovation, Inc. ("Defendant") under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq*. ("Title VII").

**PARTIES**

2. Plaintiff has resided within the Northern District of Indiana at all relevant times.

3. Defendant, Engineering Innovation Inc., is a corporation that operates and conducts business in the Northern District of Indiana.

**JURISDICTION AND VENUE**

4. Jurisdiction is conferred on this Court by 28 U.S.C. §§ 1331, 1343 and 42 U.S.C. § 2000e-5(f)(3).

5. Plaintiff was an "employee" within the meaning of 42 U.S.C. § 2000e(f).

6. Defendant is an "employer" within the meaning of 42 U.S.C. § 2000e(b).

7. Plaintiff satisfied her obligations to exhaust her administrative remedies, having timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission. The EEOC issued a right-to-sue notice to Plaintiff. She now timely files her lawsuit.

8. Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## FACTUAL ALLEGATIONS

9. Plaintiff, Beth Mellinger ("Mellinger"), was employed by Defendant, Engineering Innovation, Inc. from on or about August 13, 2013, until August 21, 2020. At the time of her wrongful termination, Mellinger was employed by Defendant as the Director of Customer Support and Business Development.

10. At all relevant times, Mellinger met or exceeded Defendant's legitimate performance expectations.

11. Throughout her employment with Defendant, Mellinger was subjected to a hostile work environment based on her sex. During company pitch-ins, Defendant's female employees were expected to keep the food warm and stirred and to do the set-up and clean-up. At one point, Defendant had an email group designated "Women of EII" for communicating with its female employees regarding such tasks.

12. Upon Mellinger's information and belief, Defendant also paid its male employees more than it paid its female employees for the same or similar work. On one occasion, Mellinger's supervisor, Don Caddy ("Caddy") told Mellinger that he could justify the pay range for an employee because the person was "a man and head of his household." Mellinger pointed out to Caddy that the employee's sex should not matter when determining pay and that Defendant also employed female employees who were the head of their household.

13. Mellinger also reported to Caddy that her co-worker, Doug Rooze ("Rooze") would frequently make disparaging comments about women being in the workplace. Despite her protected complaint, Defendant took no action remedial or otherwise to correct or stop Rooze's inappropriate conduct.

14. Defendant held Mellinger to a higher standard of performance than her similarly situated male co-workers.

15. On August 21, 2020, Defendant terminated Mellinger's employment. Defendant did not give Mellinger a reason for her termination, and Mellinger received no prior warning that her job was in jeopardy.

16. Defendant's adverse actions towards Mellinger are retaliatory and/or discriminatory and based on her sex.

17. Mellinger's similarly situated co-workers who are male and/or have not engaged in protected activity have been treated more favorably than Mellinger.

18. Defendant's discriminatory, harassing, and retaliatory behavior is in violation of Title VII of the Civil Rights Act of 1964.

19. Mellinger has been and continues to be harmed by Defendant's discriminatory, harassing, and retaliatory behavior.

**COUNT I**

**TITLE VII – SEX DISCRIMINATION**

20. Plaintiff hereby incorporates paragraphs 1-19 of her Complaint.

21. Defendant took adverse employment actions against Plaintiff because of her sex.

22. Defendant's unlawful actions were intentional, willful, and done in reckless disregard of Plaintiff's rights protected by Title VII.

**COUNT II**

**TITLE VII – SEX HARASSMENT**

23. Plaintiff hereby incorporates paragraphs 1-22 of her Complaint.

24. Defendant created a sexually-hostile work environment for Plaintiff.

25. Defendant took no legitimate actions designed to remedy the hostile work environment.

26. Defendant's unlawful actions were intentional, willful, and done in reckless disregard of Plaintiff's rights as protected by Title VII.

**COUNT III**

**TITLE VII – RETALIATION**

27. Plaintiff hereby incorporates paragraphs 1-26 of her Complaint.

28. Plaintiff engaged in statutorily-protected activities.

29. Defendant took adverse employment actions against Plaintiff because of her statutorily-protected conduct.

30. Defendant's unlawful actions were intentional, willful, and done in reckless disregard of Plaintiff's rights as protected by Title VII.

**REQUESTED RELIEF**

WHEREFORE, Plaintiff, Beth Mellinger respectfully requests that this Court find for her and order that:

1. Defendant reinstate Plaintiff to the same position, salary, and seniority, or front pay and benefits to her in lieu of reinstatement;

2. Defendant pay lost wages and benefits to Plaintiff;

3. Defendant pay compensatory and punitive damages to Plaintiff;

4. Defendant pay liquidated damages to Plaintiff;

5. Defendant pay pre- and post-judgment interest to Plaintiff;

6. Defendant pays Plaintiff's attorneys' fees and costs incurred in this action; and

7. Any and all other legal and/or equitable damages that this Court determines just and proper to grant.

Respectfully submitted,

John H. Haskin
Craig M. Williams
JOHN H. HASKIN & ASSOCIATES
255 North Alabama Street, 2nd Floor
Indianapolis, Indiana 46204
Telephone: (317) 955-9500
Facsimile: (317) 955-2570
Email: jhaskin@jhaskinlaw.com
Email: cmwilliams@jhaskinlaw.com

**DEMAND FOR JURY TRIAL**

Plaintiff, Beth Mellinger, respectfully requests a jury trial for all issues deemed triable.

Respectfully submitted,

John H. Haskin
Craig M. Williams
JOHN H. HASKIN & ASSOCIATES
255 North Alabama Street, 2nd Floor
Indianapolis, Indiana 46204
Telephone: (317) 955-9500
Facsimile: (317) 955-2570
Email: jhaskin@jhaskinlaw.com
Email: cmwilliams@jhaskinlaw.com